IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                       No.1:09-cr-01032-JAP

JOE MALDONADO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

        Resolution of Defendant Joe Maldonado's Objection to Presentence Investigation Report (Objection) (Doc. No. 31) requires the Court to determine whether a conviction under California's first-degree burglary statute is a crime of violence that can be used to enhance Maldonado's sentence under the Armed Career Criminal Act (ACCA).  Concluding that first-degree burglary in California is a crime of violence, the Court will overrule Maldonado's Objections.

**PROCEDURAL BACKGROUND**

        On December 6, 2010 Maldonado filed his Objection to Presentence Investigation Report (Objection) (Doc No. 31).  In his Objection, Maldonado argued that the probation office incorrectly concluded that Maldonado should be classified as an armed career criminal under the ACCA as a result of Maldonado's 1998 conviction in California of first-degree burglary. The Government filed a Response (Doc. No. 32) on January 14, 2011 and Maldonado filed a Reply (Doc. No. 33) on Feburary 1, 2011.  Following Maldonado's initial Objection, the probation

office revised the Presentence Investigation Report (PSR).  Consequently, Maldonado filed an Objection to the Revised Presentence Report and the Addendum to the Presentence Report (Doc. No. 37) on April 27, 2011.  The Government filed a Response (Doc. No. 40) on May 10, 2011 and Maldonado filed a Reply (Doc. No. 41) on May 24, 2011.  Maldonado subsequently filed three additional objections to the PSR.  (Doc. Nos. 42, 45, and 47).  Because Maldonado makes the same argument in all five of his objections—that California's first-degree burglary offense is not a violent felony—the Court will refer to all of the objections as Maldonado's Objection.[1]

In its investigation of Maldonado's criminal history, the probation office found that Maldonado was convicted of first-degree burglary in California in 1998. The California criminal complaint charged that Maldonado "did willfully and unlawfully enter an inhabited dwelling occupied by Roger C., with the intent to commit larceny."  The probation office determined that first-degree burglary in California is a violent felony and, because Maldonado had been convicted of two other violent felonies, recommended that Maldonado be sentenced under the ACCA as an armed career criminal.  Maldonado objects to the determination that Maldonado's California burglary conviction is a burglary, as defined in 18 U.S.C. §924(e)(2)(B)(ii), that can be used to classify Maldonado as an armed career criminal under the ACCA.

## DISCUSSION

In order for the California burglary conviction to be used to enhance Maldonado's sentence, the Court must determine whether the burglary was a violent felony.  A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the

---

[1] While Maldonado makes a number of other objections in his Objections, only the ACCA argument is relevant to this opinion.

person of another . . . [or] is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e). Because "the word 'burglary' has not been given a single accepted meaning by the state courts," the United States Supreme Court addressed, in *Taylor v. United States*, the type of burglary Congress contemplated when it concluded that burglary is a violent felony. 495 U.S. 575, 580 (1990). After reviewing the legislative history of §924, the Supreme Court ruled that "a person has been convicted of burglary for purposes of a §924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. The Supreme Court defined these elements as the "generic definition of 'burglary.'" *Id.*

Because not all states define burglary in the same manner, a state statute may be narrower or broader than the generic definition of burglary. "If [a] state statute is narrower than the generic view, e.g., in cases of burglary convictions in common-law States or convictions of first-degree or aggravated burglary, there is no problem, because the conviction necessarily implies that the defendant has been found guilty of all the elements of generic burglary." *Id.* If, on the other hand, a state statute defines burglary more broadly than the generic definition, such as when a statute also defines burglary as unlawful entry of places other than buildings, then the sentencing court is required to look at the statutory definition and determine whether it "substantially corresponds to 'generic' burglary." *Id.* at 602. In addition to looking at the statutory definition, the court can also look at whether "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* The Supreme Court explained that if a state's burglary statute includes "entry of

an automobile as well as a building" the burglary conviction can be used for enhancement if "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict." *Id.*

Finally, as an alternative to finding that a state burglary statute falls within the definition of burglary in §924(e), the Court can also find that an offense "should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under §924(2)(2)(B)(ii)." *Id.* at 600 n.9.  The provision of §924 that defines a crime of violence as one that involves conduct that presents a serious potential risk of physical injury is referred to as the "residual clause." *United States v. Thomas*, 643 F.3d 802, 805 (10th Cir. 2011).

Maldonado was convicted of violating California's burglary statutes, codified at Sections 459 and 460 of the California Penal Code. California's definition of burglary differs from the generic definition in two ways.  First, California Penal Code §459 defines burglary more broadly than the generic definition as it includes vehicles, boats, airplanes, mines, and railroads in addition to buildings and structures. CA PENAL §459. Second, unlike the generic definition of burglary, §459 does not require unlawful entry.  *Id.* Section 460 slightly narrows the broad scope of §459 and provides that "[e]very burglary of an inhabited dwelling house, vessel . . . , floating home . . . , or trailer coach . . , or the inhabited portion of any other building is burglary of the first degree."[2]

---

[2] While Maldonado was convicted of first-degree burglary, which is ordinarily enough to meet the "generic burglary" definition because such a "conviction implies that the defendant has been found guilty of all the elements of generic burglary," Maldonado's first-degree burglary conviction does not automatically meet the generic burglary definition because even first-degree

Because California's burglary statute is broader than the generic definition, the Court must determine, by looking at the indictment and jury instructions, whether the jury necessarily had to find the elements of generic burglary that are not included in California's burglary statute—unlawful entry of a building—in order to convict Maldonado. While the information in Maldonado's California burglary case charged that Maldonado had unlawfully entered an inhabited dwelling, the jury instructions did not require the jury to find that Maldonado's entry was unlawful.  Instead, the jury was instructed that it could find Maldonado guilty of first degree burglary if he entered an inhabited dwelling.  Thus, while the jury necessarily found that Maldonado entered an occupied dwelling house with the intent to commit a felony, the jury did not necessarily find that Maldonado's entry was unlawful. Consequently, the elements of the offense that Maldonado was charged with do not meet the generic definition of burglary.

However, Maldonado's California burglary conviction can still be used to enhance his sentence if the burglary "'otherwise involves conduct that presents a serious potential risk of physical injury to another' under §924(2)(2)(B)(ii)." *Taylor*, 495 U.S. at 600 n.9.  The Ninth Circuit Court of Appeals recently held that California's first-degree burglary statute involves conduct that presents a serious potential risk of physical injury to another. *See United States v. Park*, ___ F.3d ___, 2011 WL 2418906, *2 (9th Cir., June 17 2011). The Ninth Circuit noted that the United States Supreme Court has set out a two part test to determine if an offense is categorically a crime of violence.  *Id.*  "First, the 'conduct encompassed by the elements of the offense, in the ordinary case,' must 'present[ ] a serious potential risk of physical injury to another.'" *Id.* (quoting *James v. United States*, 550 U.S. 192, 208, 127 S.Ct 1586, 167 L.E.2d

---

burglary in California does not require an unlawful entry.

5

532 (2007)). "Second, the state offense must be 'roughly similar, in kind as well as in degree of risk posed' to those offenses enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives." *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 143, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).

Applying the first part of this test, the Ninth Circuit concluded that California's first-degree burglary statute involves conduct that presents a serious potential risk of physical injury because, as the United States Supreme Court has consistently held, burglary is a "classic example" of a crime of violence in that "by its nature," it "involves a substantial risk that the burglar will use force against a victim in completing the crime." *Leocal v. Ashcroft*, 543 U.S. 1, 10, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). In addition, California's Supreme Court has held that its

> [b]urglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime . . . and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence.

*People v. Davis*, 958 P.2d 1083, 1089 (Cal. 1998) (quotation marks omitted). And, with respect to California's first degree burglary statute, the California Court of Appeals noted that "the fact that a building is used as a home . . . increases the danger" as "a person is more likely to react violently to burglary of his living quarters than to burglary of other places" because "persons close to [the victim] are more likely to be present, because the property threatened is more likely to belong to him, and because the home is usually regarded as a particularly private sanctuary, even as an extension of the person." *People v. Rodriguez*, 122 Cal.App.4th 121, 18 Cal. Rptr.3d

550, 558 (Ct. App. 2004) (citations and quotation marks omitted).

With respect to the second element of the test, the Ninth Circuit concluded that California's first-degree burglary is "roughly similar" to burglary, one of the enumerated offenses, because the offense involves "purposeful, violent, and aggressive conduct." *Park*, 2011 WL 2418906, *4 (quoting *Begay*, 553 U.S. at 145). The Ninth Circuit explained that "it is hard to imagine that a state's burglary definition would not be at least roughly similar to generic burglary" and that this is especially true with California's first-degree burglary statute as first-degree burglary requires burglary of an inhabited dwelling—one of the key elements of generic burglary. *Id.* (quotation marks omitted).

The Tenth Circuit applies the same two-part as the Ninth Circuit in determining whether an offense is a crime of violence. *See United States v. McConnell*, 605 F.3d 822, 827 (10th Cir. 2010). As a result, the Tenth Circuit would apply the same analysis that the Ninth Circuit applied in *Park* and conclude that first-degree burglary in California is a violent felony under the ACCA. The Tenth Circuit's recent interpretation of an Oklahoma larceny statute is indicative of how the Tenth Circuit would interpret California's first-degree burglary statute. In *United States v. Patillar* the Tenth Circuit concluded that violation of an Oklahoma "larceny from the person" statute is a violent felony because it is "roughly similar" to the enumerated offenses in the ACCA. 595 F.3d 1138, 1139 (10th Cir. 2010). The Tenth Circuit explained that "when the taking is from a person, the conduct is violent and aggressive because it creates a significant risk of confrontation between thief and victim." *Id.* If larceny from a person is sufficiently similar to the enumerated offenses that it can be a violent felony, then burglary from an occupied dwelling is certainly sufficiently similar to the enumerated offenses—one of which is generic burglary—to also be deemed a violent felony. *See United States v. Bennett,* 108 F.3d 1315 (10th

Cir. 1997) (concluding that an Oklahoma statute defining first-degree burglary as "break[ing] into and enter[ing] the dwelling house of another, in which there is at the same time some human being" was a crime of violence); *Park*, 2011 WL 2418906 at *2 (noting that "it is hard to imagine that a state's burglary definition would not be at least roughly similar to generic burglary").

Burglary from an occupied dwelling, much like larceny from a person, "creates a significant risk of confrontation between thief and victim" even if the entry into the dwelling was not initially unlawful.  And, if larceny from the person is a violent felony because a person, who may be out in a public area, will violently respond to the larceny, then clearly a burglary in a persons home, a place that is considered to be a private sanctuary, will elicit a reaction of equal or greater violence.  It is the fact that a burglar intends to commit a felony against a person in the person's home that creates the risk of violence, not the fact that the burglar unlawfully entered the home.  Thus, that California does not require unlawful entry does not preclude a finding that California's first-degree burglary is a violent felony as there is a risk of violence during any burglary of an occupied residence. Regardless of the manner of entry, the fact that a burglar intends to commit a felony in another person's home creates a risk that the person whose home is being burgled will react violently.  While a burglar who unlawfully enters a home might end up in a violent situation the moment the occupant of the home discovers the burglar, a burglar who lawfully enters a home might end up in a violent situation the moment the occupant realizes that the burglar intends to commit a felony.  Aside from the timing of the potential violence, the ultimate threat of violence is the same in both situations.

Further, there are a number of conceivable situations where a burglar may lawfully enter a home but where the risk of violence is identical to that posed by unlawful entry.  A person who

lawfully enters a home—perhaps to perform work on the home—but then conceals himself in the home to later commit a felony poses an identical risk of violence as a person who unlawfully entered the home. An occupant of a home who discovers that a person who should have left the home hours before has been hiding in a closet or other location is just as likely to react with violence as an occupant who discovers a person that has unlawfully entered the home. Similarly, a person who is lawfully in a home for a limited purpose—perhaps to deliver a package—might be met with violent resistance if discovered committing a felony in another part of the home. And, even an invited guest who is discovered stealing property from a home is likely to be met with violent resistance upon the discovery of the invited guest's felonious intentions. Thus, contrary to Maldonado's arguments, there is a potential for violence regardless of whether entry into a home is lawful or unlawful. Consequently, the Court concludes that Maldonado's first-degree burglary conviction in California is a violent felony and will be used to enhance Maldonado's sentence under the ACCA. Maldonado's Objection will therefore be overruled.

 IT IS ORDERED THAT Defendant Joe Maldonado's objection to the use of his California burglary conviction for purposes of the ACCA (as articulated in Doc. Nos. 31, 37, 42, 45, and 47) is OVERRULED.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE